IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LINWOOD WILKERSON,                    :
                                      :
             Plaintiff,               :        CIVIL NO. 4:CV-07-2228
                                      :
      v.                              :        (Judge McClure)
                                      :
UNITED STATES OF AMERICA,             :
                                      :
             Defendants.              :

**O R D E R**

April 20, 2009

This *pro se* Federal Tort Claims Act ("FTCA") action was initiated by Plaintiff

Linwood Wilkerson, an inmate presently confined at the Allenwood Low Security

Correctional Institution ("FCI Allenwood Low") in White Deer, Pennsylvania.

Plaintiff seeks compensation for an injury he sustained after slipping and falling on a

puddle of water in the food services area at FCI Allenwood Low.  (*See* Record

document no. 1.)

Presently pending are Plaintiff's motions for independent medical examination

(Record document no. 25) and to appoint counsel (Record document no. 26).  For the

reasons set forth below, the motions will be denied.  In addition, Plaintiff will be given

fifteen (15) days to file his opposition to Defendant's motion for summary judgment

(Record document no. 30).

## I.     Motion for Independent Medical Examination

Plaintiff requests that this Court order that an independent medical examination, including a Magnetic Resonance Imaging ("MRI") test, be provided to him at Defendant's expense.[1]   (Record document no. 25.)  He asserts that his incarceration prevents him from seeking his own course of medical treatment and from "developing a factual and medical basis for an effective presentation of his claims at trial."  (*See id.* at 1.)  He alleges that he has made requests that the Bureau of Prisons ("BOP") obtain an MRI of his injured back, but the BOP has "resisted these requests."[2]   (*See id.*)  Plaintiff argues that the absence of an MRI diagnosis "may effectively prevent him from successfully presenting his case with a reasonable degree of medical certainty."  (*See id.* at 2.)  He further argues that he may not be able to successfully litigate his claims without a clear medical diagnosis.  (*See id.*)

In opposition to Plaintiff's motion, Defendant argues that the Court does not have authority to appoint an expert witness at government expense for an indigent *pro*

---

[1]Although Plaintiff failed to file a brief in support of his motion as required by M.D. Pa. L.R. 7.5, his motion contains argument in support of his motion.  Therefore, in light of his *pro se* status, the Court has construed the motion as having been filed with a supporting brief.

[2]Plaintiff states that he has attached a copy of documentation that he submitted to the BOP seeking an MRI, but no such documentation is attached to the motion.

2

*se* plaintiff and that a litigant's *in forma pauperis* status does not entitle him or her to

the waiver of payment of ordinary expenses of litigation.  (*See* Record document no.

28 at 2-3.)  The Court agrees.  Neither the court nor defendants are required to pay for

a plaintiff's expert witness.  *Boring v. Kozakiewicz,* 833 F. 2d 468, 474 (3d Cir. 1987);

*Tabron v. Grace,* 6 F.3d 147, 159 (3d Cir. 1993).  The Third Circuit Court of Appeals

has explicitly stated that similar "plaintiffs' dilemma in being unable to proceed in [a]

damage suit [based on alleged denial of medical treatment] because of the inability to

pay for expert witnesses [did] not differ from that of nonprisoner claimants [facing]

similar problems."  *Boring,* 833 F.2d at 474.  The Court further noted that

"[n]onprisoners often resolve that difficulty through contingent fee retainers with

provisions for arranging expert testimony" and equated seeking government funding

of expert reports to "asking for better treatment than [prisoner plaintiffs']

fellow-citizens who have not been incarcerated but who have at least equal claims for

damages."  *Id.*

The *Boring* Court reached its conclusion after noting that, although 28 U.S.C. §

1915 authorizes "the courts to waive prepayment of such items as filing fees and

transcripts if a party qualifies to proceed in forma pauperis," the plaintiffs in *Boring*

identified "no statutory authority nor [ ] any appropriation to which the courts may look

3

for payment of expert witness fees in civil suits for damages." *Id.; see also Tabron,* 6 F.3d at 159. Similarly, in this case, Plaintiff has not identified any statutory basis that would require the Court or Defendant to fund the expert report. Therefore, his motion for independent medical examination (Record document no. 25) will be denied.

## II.   Motion to Appoint Counsel

Although indigent litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Tabron*, 6 F.3d at 153. The *Tabron* Court noted that "the district court must consider as a threshold matter the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." *Id.* at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointing of counsel . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Id.* at 156.

In addition to the factors just noted, under *Tabron*, a district court's decision whether to appoint counsel should also be "informed" by a consideration of the following factors: "the difficulty of the particular legal issues;" "the degree to which factual

4

investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" whether "a case is likely to turn on credibility determinations;" "where the case will require testimony from expert witnesses;" and "whether an indigent plaintiff could obtain counsel on his or her own behalf." *Id.* at 156, 157 n.5.

The *Tabron* Court also held that the "appointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte*." *Id.* at 156. Finally, the *Tabron* Court acknowledged that "courts have no authority to compel counsel to represent an indigent civil litigant," *id.* at 157 n.7, and cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments. *Id.* at 157.

In a subsequent decision, the Third Circuit Court of Appeals reiterated that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citation omitted). The *Montgomery* Court recognized that the criteria set forth in *Tabron* should be employed in addressing the appointment of counsel issue. In a non-precedential decision, *Gordon v. Gonzalez*, No. 04-4623, 2007 WL 1241583, *2 n.4 (3d Cir. Apr. 30, 2007), the Third Circuit Court of Appeals added that two other factors to be taken into consideration are: (1) the court's willingness to aid the indigent party in presenting his or her case; and

(2) the available supply of lawyers willing to accept 1915(e) requests within the relevant geographical area.

A review of Plaintiff's filings thus far reveals that he is fully capable of litigating this action on his own.  Although Plaintiff alleges in his motion to appoint counsel that his imprisonment limits his ability to litigate his case, he clearly possesses the ability to prepare pleadings and present comprehensible arguments to the Court.  He set forth the allegations in his Complaint and other filings in typewritten, plain, and concise statements.  Contrary to Plaintiff's assertion, the legal issues in this case are not overly complicated.  Consequently, there is no indication that Plaintiff is incapable of continuing to litigate his own case.

Plaintiff asserts that he needs counsel for trial and to obtain a medical expert. Defendant has filed a motion for summary judgment and argues in its supporting brief that the United States is entitled to judgment as a matter of law because Plaintiff cannot demonstrate through record evidence that Defendant breached its duty or was negligent. (*See* Record document no. 31 at 6.)  Therefore, Plaintiff's assertion that he needs counsel to obtain a medical expert is premature because  he will not need a medical expert to respond to Defendant's motion inasmuch as his medical condition is not at issue at this stage.  Therefore, the motion to appoint counsel (Record document no. 26) will be denied,

but without prejudice.  Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed.

### III.    Defendant's Motion for Summary Judgment

On March 13, 2009, Defendant filed a motion for summary judgment.  (Record document no. 30.)  On March 24, 2009, Defendant filed a supporting brief (Record document no. 31) and exhibit (Record document no. 31-1).  Defendant filed a statement of facts (Record document no. 32) on March 25, 2009.  Although Plaintiff's opposition to Defendant's motion was due on April 9, 2009, the docket reflects that he has not opposed the motion.  Plaintiff will be granted an opportunity to file his opposition before the Court deems the motion unopposed.  Consequently,

### IT IS HEREBY ORDERED THAT:

1.    Plaintiff's motion for independent medical examination (Record document no. 25) is **DENIED**.

2.    Plaintiff's motion to appoint counsel (Record document no. 26) is **DENIED** without prejudice.

3.    Within fifteen (15) days from the date of this Order, Plaintiff shall file his opposition, including an opposing brief and statement of material facts as

required by M.D. Pa. L. R. 56.1[3], to Defendant's motion for summary

judgment (Record document no. 30).

4.      If Plaintiff fails to file his opposition as directed, Defendant's motion for

summary judgment will be deemed unopposed and addressed on the merits.


    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

[3]Plaintiff is advised that a copy of M.D. Pa. LR 56.1 is attached to the Standing Practice Order issued in this case on December 7, 2007.  (*See* Record document no. 3 at 8.)